# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-59V
Filed: April 8, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| COREY VELK, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested |
| SECRETARY OF HEALTH | * | to which Respondent Does Not |
| AND HUMAN SERVICES, | * | Object. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Nicholas E. Bunch</u>, White, Getgey & Meyer, Cincinnati, OH, for Petitioner
<u>Jennifer L. Reynaud</u>, United States Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On January 24, 2014, Corey Velk ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the administration of the Influenza Vaccine caused her to develop Guillan-Barré Syndrome. On November 24, 2015, the undersigned issued a decision awarding compensation to Petitioner.

On March 24, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requests compensation for $13,894.90 in attorneys' fees, $36,579.00 in expert fees, and $2,986.60 in costs (of which Petitioner bore $1,250.00); in total, Petitioner requests compensation in the amount of $53,460.50. <u>See</u> Fee Appl. at 3, ECF No. 43; <u>see also</u> General Or. #9 Statement at 1, ECF No. 45 (clarifying amount of costs).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. <u>See</u> 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

On April 8, 2016, Respondent filed a response to Petitioner's application. Resp. Fee Appl., ECF No. 46. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp. Fee Appl. at 2. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. Fee Appl. at 2 n.3. She also asserts that her "estimation of reasonable attorney's [sic] fees and costs for the present case roughly falls between $26,000.00 and $39,000.00," but provides no basis or explanation for how she arrived at this proposed range. Resp. Fee Appl. at 2 n.3.

In accordance with the Vaccine Act, see 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner's request for fees and costs is reasonable. Notably, Petitioner and Respondent hotly disputed the element of causation (as to which Petitioner submitted three expert reports) before stipulating to a settlement (which occurred only after numerous status conferences). Moreover, Respondent has given the undersigned no reason to believe that Petitioner's request is unreasonable.[3]

**Accordingly, the undersigned hereby awards the amount of $53,460.50, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Nicholas E. Bunch.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Indeed, Petitioner's request already represents a significant compromise from the informal initial request directed at Respondent.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).